[See Cases Nos. 10,628–10,630.]

RINGGOLD (GUSTINE v.). See Case No. 5,-877.

## Case No. 11,846.

### RINGGOLD v. HOFFMAN.

[4 Cranch, C. C. 201.] [1]

Circuit Court, District of Columbia. May Term, 1832.

PARTIES—NOMINAL PLAINTIFF—COSTS—MARSHAL'S POUNDAGE.

The person, to whose use the suit is entered of record, although liable to the defendant for his costs, is not thereby liable to the marshal for his poundage upon a ca. sa.

Assumpsit, by the plaintiff [Tench Ringgold], late marshal of the District of Columbia (for $187.73 for his poundage fees), against Jeremiah Hoffman, survivor of William Hoffman, for whose use a judgment had been recovered in the names of George and John Hoffman, against John Cox, who was arrested by the marshal (Ringgold) upon a ca. sa., and released upon a prison-bounds bond, and afterwards discharged under the insolvent act of the District of Columbia. The suit against Cox was originally brought in the names of George and John Hoffman for the use of William and Jeremiah Hoffman, and so entered upon the record, and Mr. Barrell, their attorney, became security for the officers' fees, at the time of issuing the writ of capias ad respondendum. William Hoffman died before the commencement of the present suit.

R. S. Coxe, for defendant, contended, at the trial, that the person for whose use the suit was brought, is not liable to the officers for their fees, although made liable to the defendant for his costs, by the Mary-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

land law of 1796, c. 4S, § 13. Security for officers' fees is to be given under the Maryland law of 1715, c. 4S, § 12; and in this case was given by Mr. Barrell as above-mentioned.

Mr. Lear, for plaintiff, contra, contended that the service having been performed by the plaintiff at the request of the defendant, he is liable to the plaintiff, upon common-law principles, in assumpsit. The service, upon request, is a good consideration for the assumpsit.

Upon the trial the plaintiff took a bill of exceptions, which stated that the plaintiff offered in evidence to a jury a certain record of ca. sa. (the production of the judgment having been dispensed with by consent), issued by the court in the case of George and John Hoffman, use of William and Jeremiah Hoffman, v. John Cox, who was thereupon arrested by the plaintiff, and committed by him, and forthwith liberated upon a prison-bounds bond, and the said ca. sa. was so returned; and that the said John Cox was duly discharged under the insolvent laws of the District of Columbia; and that evidence was given that the plaintiffs in the said action against the said John Cox, had given good security for the officers' fees in that suit; that the attorney of the plaintiffs in that action brought it in the name of George and John Hoffman, for the use of William and Jeremiah Hoffman, believing, from the indorsement on the note, that it was their property. The plaintiff also produced the said note taken from the files of the original suit in this court. Whereupon the defendant, by his counsel, prayed the court to instruct the jury "that the foregoing evidence was not competent and sufficient to entitle the plaintiff in this action to recover."

But THE COURT allowed the said evidence to go to the jury as competent evidence in this suit.

The plaintiff then offered to prove by a competent witness that the said William and Jeremiah Hoffman were merchants transacting business together in London, and reputed by common report to be partners at the time the suit was brought for their use against the said John Cox; that William died before the present suit was brought, and one or both the said partners were in Baltimore between the years 1823 and 1828, occasionally; and that William was in Washington, D. C., and Alexandria, in 1822.

Whereupon Mr. Lear, for plaintiff, prayed the court to instruct the jury that if they believe from the evidence that the suit of George and John Hoffman v. John Cox, upon which the ca. sa. was issued, was brought for the use and benefit and at the request of the defendant in this suit and of his partner, William Hoffman, or either of them, and that they were to receive the avails of it. if any; that the ca. sa. was ordered by their attorney, and served at his request; and that the said William died before the com-

mencement of this suit,—the plaintiff is entitled to recover from the defendant the fees charged in his account, which instruction the court refused to give, and charged the jury that the evidence aforesaid was not sufficient to entitle the plaintiff to recover in this action, to which refusal and instruction the plaintiff, by his counsel, excepted, 24th of May, 1832.

MORSELL, Circuit Judge, dissented.

CRANCH, Chief Judge, was of opinion that the persons for whose use the suit was entered were not liable to the officers for their fees, although liable to the defendant for costs.

THRUSTON, Circuit Judge, was of opinion that there was no evidence that the ca. sa. was served at the request of the defendant; and he and MORSELL, Circuit Judge, seemed to be of the opinion that if that fact had been proved the plaintiff might have recovered.